LAKEWOOD TRUST COMPANY

*v.*

LAWSHANE COMPANY, INCORPORATED, et al.

WALLACH & BEHREND COMPANY, INCORPORATED,

*v.*

LAWSHANE COMPANY, INCORPORATED, et al.

[Decided February 6th, 1928.]

1. On an application to the court of chancery to obtain, in a proceeding for contempt, a remedial order directing the imprisonment of the defendant until he shall pay a money decree, it is proper for the defendant to show his inability to pay, and if that be shown, an order for such imprisonment ought not be made.

2. The answer of a defendant to a petition in chancery asking that he be adjudged in contempt for failing to pay a sum specified in a previous order of the court, stating that he is unable, because of pecuniary losses, to pay the specified sum, and supported by affidavits, must be accepted as true in the absence of subsequent pleading or testimony contradicting that contention.

3. An order of the court of chancery adjudging a defendant in contempt for failure to pay a sum specified in a previous order, is not a violation of article I, section 17 of the constitution of New Jersey.

On appeal from a decree in the court of chancery.

*Messrs. McDermott, Enright & Carpenter,* for the appellant.

*Mr. Halstead H. Wainright, Mr. Robert H. McCarter* and *Mr. George Furst,* for the respondents.

PER CURIAM.

This is an appeal from an order made on the petition of John S. Applegate, Jr., receiver of the Lawshane Company, adjudging one Louis Shane in contempt for failing to obey the mandate of a previous order of the court of chancery requiring him to pay to the receiver the sum of $19,370.32, and directing that he be committed to the county jail until he shall have paid this sum to the receiver, unless the chancellor shall see fit sooner to discharge him. From this order Shane has appealed, and the principal contention made on his behalf is that it was without legal justification, because of the fact that Shane in his answer to the petition of the receiver set up that, in consequence of certain pecuniary losses specifically stated in his answer, and other pecuniary losses, which he had incurred prior to the making of the order which he was alleged to have contemned, he was unable to pay the receiver the sum mentioned in the latter order, or any other sum; and, by his affidavit attached to his answer, he declared that the matters and things contained therein were all of them true. Our examination of the record before us shows that this sworn statement was not controverted by the receiver by any subsequent pleading or by the submission of any contradictory testimony. This being so, the facts sworn to must be accepted as true. So accepting them, it seems to us that the order adjudging him guilty of contempt was improvidently made. In the case of *Grand Lodge, Knights of Pythias,* v. *Jansen, 62 N. J. Eq. 737,* we held that "on an application to the court of chancery to obtain, in proceedings for contempt, a remedial order directing the imprisonment of the defendant until he shall pay a money decree, it is proper for the defendant to show his inability to pay, and, if that be shown, an order for such imprisonment ought not to be made." The application of that principle led to a reversal

of the order of contempt, which was the subject of review in the cited case.

We consider this case controlling on the present review, and that, for this reason, the order now before us should be reversed. This conclusion, however, is without prejudice to the right of the receiver to renew his application before the court of chancery, and, on the hearing thereof, to submit such proofs as he may have of Shane's ability to comply with the mandate of the order which he is alleged to have contemned; and also to examine him under oath as to the truth of the facts set up in his answer.

As this case is to be remitted to the court of chancery for further procedure along the lines which we have indicated, we deem it advisable to add that we consider the contention of the appellant that the order appealed from violates article 1, section 17, of our constitution, which declares that "no person shall be imprisoned for debt in any action or on any judgment founded upon contract, unless in cases of fraud," to be without merit. It is directly opposed to our declaration in the case of *Adams* v. *Adams, 80 N. J. Eq. 175.*

*For affirmance*—BLACK, J. 1.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 13.